## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AUTUMN M. BRIN, Individually, and on behalf
of her son, DEVON HOFFMAN, a minor,

Plaintiffs,

v.

ACI MOTOR FREIGHT, INC., ROBERT L. CLAIBOURN, III, GIBSON & ASSOCIATES, INC., KROGER CO., JOSHUA ROWLEY, and STEVAN STIEFVATER

Defendants.

## CIVIL COMPLAINT & JURY DEMAND

COME NOW, the Plaintiffs, Autumn Brin, individually, and on behalf of her son, Devon Hoffman, a minor, by and through their undersigned attorneys, and hereby submit the following Civil Complaint and Jury Demand, and allege and aver as follows:

### GENERAL AND JURISDICTIONAL ALLEGATIONS

1.     At all times relevant to this action, Plaintiff, Autumn M. Brin (hereinafter "Plaintiff"), was a resident of Arvada, Colorado and maintained a residential address of 6531 Benton Circle, Arvada, Colorado 80003.  She is the natural mother and next friend of her minor son, Devon Hoffman.

2.     At all times relevant to this action, Plaintiff, Devon Hoffman (hereinafter "Plaintiff"), was a resident of Arvada, Colorado and maintained a residential address of

6531 Benton Circle, Arvada, Colorado 80003.  He is the son of his natural mother and next friend, Autumn Brin.

3.      Upon information and belief, at all times relevant to this action, Defendant, Kroger Co. (hereinafter "Kroger"), was an Ohio corporation, having its principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202-1100, with a registered agent, Corporation Service Company, 2900 SW Wanamaker Driver, Suite 204, Topeka, Kansas 66614.

4.      Upon information and belief, at all times relevant to this action, Defendant, ACI Motor Freight, Inc. (hereinafter "ACI"), was a Kansas corporation, having its principal place of business at 4545 South Palisade, Wichita, Kansas 67217.  The registered agent for service of process is located at the same address.

5.      Upon information and belief, at all times relevant to this action, Defendant, Gibson & Associates, Inc. (hereafter "GAI"), was a Texas corporation, having its principal place of business at Post Office Box 800579, Balch Springs, Texas 75180. The registered agent for service of process is William J. Gibson, who is located at 11210 Ryliecrest, Balch Springs, Texas 75180.

6.      Upon information and belief, at all times relevant to this action, Defendant, Robert L. Claibourn, III, was an adult resident citizen of Wichita, Kansas, who resides at 846 South Drury, Wichita, Kansas 67207.

7.      Upon information and belief, at all times relevant to this action, Defendant, Stevan David Stiefvater, was an adult resident citizen of Arvada, Colorado, who resides at 6755 Yarrow Street, Arvada, Colorado 80004.

8. Upon information and belief, at all times relevant to this action, Defendant, Joshua Wayne Rowley, was an adult resident citizen of Haysville, Kansas, who resides at 227 South Stearns, Haysville, Kansas 67060.

9. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

10. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

11. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 10 of this Complaint as if set forth *verbatim*.

12. On August 11, 2011, at approximately 6:50 p.m., Plaintiffs and Defendants, Stevan David Stiefvater, Joshua Wayne Rowley, Kroger Co., Robert Claibourn, III, and ACI Motor Freight, Inc., were involved in a motor vehicle collision on southbound Kansas Interstate 135 at or about milepost 4.1.

13. At or about the aforementioned date and time, Plaintiffs, Autumn M. Brin, and her minor son, Devon Hoffman, were passengers in Autumn Brin's 2000 Lexis R33 (hereafter "Lexis"), bearing Colorado license plate number 8240HF and Vehicle Identification Number JT6HF10U0Y0102153.

14. Defendant, Stevan David Stiefvater, was the operator of Plaintiff's Lexis, which was travelling southbound on I-135 in the left lane behind Defendant, Kroger Co., and Defendant, ACI Motor Freight, Inc.

15. Upon information and belief, at or about the aforementioned date and time, Defendant, Joshua Wayne Rowley, was an employee and/or agent of Defendant, Kroger Co.

3

16.     Upon information and belief, at or about the aforementioned date and time, Defendant, Rowley, was acting in the course and scope of his employment and/or agency of Defendant, Kroger Co.

17.     At or about the aforementioned date and time, Defendant, Rowley, was the operator of Defendant, Kroger Co.'s, 2006 Ford Van, bearing Kansas license plate number 239ANF and Vehicle Identification Number 1FTNE24W36DA70661 (hereafter "Kroger Co. Van").  The Kroger Co. Van was travelling in the left lane in front of the Plaintiffs' Lexis.

18.     Upon information and belief, the Kroger Co. Van was being used by Defendant, Rowley, at the time of the collision with the express or implied permission of Defendant, Kroger Co.

19.     Upon information and belief, at or about the aforementioned date and time, Defendant, Robert L. Claibourn, III, was an employee and/or agent of Defendant, ACI Motor Freight, Inc.

20.     Upon information and belief, at or about the aforementioned date and time, Defendant, Claibourn, was acting in the course and scope of his employment and/or agency of Defendant, ACI Motor Freight, Inc.

21.     At or about the aforementioned date and time, Defendant, Robert L. Claibourn, III, was the operator of Defendant, ACI Motor Freight, Inc.'s, 1994 International Truck, bearing Kansas license plate number 71036 and Vehicle Identification Number 2HSFHD2R1RC086924 (hereinafter "ACI Truck").  The ACI Truck

was travelling in the left lane in front of the Kroger Co. Van, which was travelling in front of the Plaintiffs' Lexis.

22.     Upon information and belief, the ACI Truck was being used by Defendant, Claibourn, at the time of the collision with the express or implied permission of Defendant, ACI Motor Freight.

23.     At or about the aforementioned date and time, an unknown employee for Defendant, Gibson & Associates, Inc., which was performing construction work on I-135, suddenly and without warning held up a stop sign for the traffic in the left lane of I-135 without giving the traffic enough notice to bring their vehicles to a stop, failing to keep a proper lookout, failing to see what was plainly visible, and working in a careless manner.

24.     At or about the aforementioned date and time, Defendants, ACI Truck and Claibourn, failed to operate the vehicle in a reasonably prudent manner, suddenly and without warning applying the brakes, causing the semi-truck to jack-knife in front of the Kroger Co. Van and Plaintiffs' Lexis.  Defendants, ACI Truck and Claibourn, failed to keep a proper lookout, failed to see what was plainly visible, and drove in a careless manner in a work zone.

25.     At or about the aforementioned date and time, Defendants, Kroger Co. Van and Rowley, failed to operate the vehicle in a reasonably prudent manner, suddenly and without warning applying the brakes, causing the van to strike the ACI Truck in front of Plaintiffs' Lexis.  Defendants, Kroger Co. Van and Rowley, were following the ACI Truck too closely, failed to keep a proper lookout, failed to see what was plainly visible, and drove in a careless manner in a work zone.

26.     At or about the aforementioned date and time, Defendant, Stiefvater, failed to operate the vehicle in a reasonably prudent manner, suddenly and without warning applying the brakes on Plaintiffs' Lexis, causing the Lexis to strike the Kroger Co. Van.  Defendant, Stiefvater, was following the Kroger Co. Van too closely, failed to keep a proper lookout, failed to see what was plainly visible, and drove in a careless manner in a work zone.

27.     When an unknown employee for Defendant, Gibson & Associates, Inc., suddenly attempted to stop traffic on I-135, the company acted in a negligent, reckless, careless, and imprudent manner, failing to take the safety of others into account.

28.     When Defendants, ACI Truck and Claibourn, jack-knifed their semi-truck in front of Defendants, Kroger Co. Van and Stiefvater, Defendants, ACI Truck and Claibourn, were operating the ACI Truck in a negligent, reckless, careless, and imprudent manner, failing to take the safety of others into account.

29.     When Defendants, Kroger Co. Van and Rowley, struck the ACI Truck, they were operating the Kroger Co. Van in a negligent, reckless, careless, and imprudent manner, failing to take the safety of others into account.

30.     When Defendant, Stiefvater, struck the Kroger Co. Van, he was operating the Plaintiffs' Lexis in a negligent, reckless, careless, and imprudent manner, failing to take the safety of others into account.

31.     Defendants, ACI Truck, Claibourn, Kroger Co. Van, Rowley, GAI, and Stiefvater's, negligent and careless actions were a direct and proximate cause of

Plaintiffs' injuries and damages sustained on or about the time, date, and place aforementioned.

32.     At or about the aforementioned date and time, Defendant, ACI Motor Freight, negligently entrusted the above described ACI Truck to Defendant, Claibourn.

33.     At or about the aforementioned date and time, Defendant, ACI Motor Freight, negligently hired, trained, supervised, and/or retained Defendant, Claibourn.

34.     At or about the aforementioned date and time, Defendant, ACI Motor Freight's, negligent actions were a direct and proximate cause of the collision between the above described ACI Truck owned by Defendant, ACI Motor Freight, and the above described Kroger Co. Van operated by Rowley as well as Plaintiffs' Lexis operated by Stiefvater.

35.     At or about the aforementioned date and time, Defendant, Kroger Co., negligently entrusted the above described Kroger Co. Van to Defendant, Rowley.

36.     At or about the aforementioned date and time, Defendant, Kroger Co., negligently hired, trained, supervised, and/or retained Defendant, Rowley.

37.     At or about the aforementioned date and time, Defendant, Kroger Co.'s, negligent actions were a direct and proximate cause of the collision between the above described Kroger Co. Van owned by Defendant, Kroger Co., and the above described ACI Truck operated by Claibourn as well as Plaintiffs' Lexis operated by Stiefvater.

38.     Plaintiffs, Autumn M. Brin and Devon Hoffman, were not comparatively negligent in causing the afore-described collision that occurred on or about August 11, 2011.

39.     As a direct and proximate result of the incident giving rise to this suit, Plaintiffs have suffered and continued to suffer injuries and damages.

40.     As a direct and proximate result of each Defendant's negligence, Plaintiff has incurred past and future economic expenses, losses, and damages, including, but not limited to past and future medical expenses, property damage, mileage, lost wages, and loss of earning capacity.

41.     As a direct and proximate result of each Defendant's negligence, Plaintiffs suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

42.     As a direct and proximate result of each Defendant's negligence, Plaintiffs have suffered physical impairment and disfigurement.

## FIRST CLAIM FOR RELIEF
### *Negligence of Defendant, Gibson & Associates, Inc.*

43.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 42 of this Complaint, as if set forth *verbatim*.

44.     Defendant, Gibson & Associates, Inc., owed Plaintiffs a duty to use reasonable care in the performance of their duties in the work zone on I-135.

45.     Defendant, Gibson & Associates, Inc., breached the above referenced duty, without limitation, in the following ways:

   a. Failing to give the traffic on I-135 enough notice to stop their vehicles under the present conditions;

   b. Performing their duties in a careless manner.

46.     The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiffs.

47.     As a result of Defendant, Gibson & Associates, Inc.'s, breaches of the aforementioned duties, Plaintiffs have sustained and continue to sustain economic and non-economic damages and physical impairment and disfigurement, as indicated above.

## SECOND CLAIM FOR RELIEF
### *Negligence of Defendant, Robert Claibourn, III*

48.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 47 of this Complaint, as if set forth *verbatim*.

49.     Defendant, Robert Claibourn, III, owed Plaintiffs a duty to use reasonable care in the operation of the above referenced ACI Truck.

50.     Defendant, Robert Claibourn, III, breached the above referenced duty, without limitation, in the following ways:

   a.  Failing to keep a proper lookout;

   b.  Failing to see what was plainly visible;

   c.  Following too closely;

   d.  Operating a vehicle in a careless manner;

   e.  Operating a vehicle in a reckless manner.

51.     The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiffs.

52.     As a result of Defendant, Robert Claibourn, III's, breaches of the aforementioned duties, Plaintiffs have sustained and continue to sustain economic and

non-economic damages and physical impairment and disfigurement, as indicated above.

### THIRD CLAIM FOR RELIEF
#### *Negligent Entrustment of Defendant, ACI Motor Freight*

53.     Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 52 of this Civil Complaint and Jury Demand, as if set forth *verbatim.*

54.     At or about the aforementioned time and place, Defendant, ACI Motor Freight, entrusted Defendant, Claibourn, with use and control over the above referenced ACI Truck.

55.     Upon information and belief, prior to entrusting use and control over the ACI Truck to Defendant, Claibourn, Defendant, ACI Motor Freight, exercised control over the ACI Truck.

56.     Defendant, ACI Motor Freight, owed Plaintiffs a duty to exercise reasonable care in entrusting the use and control of the ACI Truck to other persons.

57.     Defendant, ACI Motor Freight, permitted Defendant, Claibourn, to use its ACI Truck when it knew, or should have known, that Defendant, Claibourn, intended to, or was likely to, use the ACI Truck in such a manner as to create an unreasonable risk of harm to others.

58.     Defendant, ACI Motor Freight, breached its above-mentioned duty of care in allowing/permitting Defendant, Claibourn, to use and exercise control over the ACI Truck.

59.     Defendant, ACI Motor Freight's, breach of the aforementioned duty was a direct and proximate cause of Plaintiffs suffering, injuries, and damages.

60.     As a direct and proximate result of Defendant, ACI Motor Freight's, negligent entrustment of the aforementioned ACI Truck to Defendant, Claibourn, Plaintiffs have sustained and continue to sustain economic and non-economic damages and physical impairment and disfigurement, as indicated above.

### FOURTH CLAIM FOR RELIEF
*Negligent Hiring, Training, Supervision, and Retention*
*of Defendant, Claibourn, by Defendant, ACI Motor Freight*

61.     Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 60 of this Civil Complaint and Jury Demand, as if set forth *verbatim.*

62.     At all times material hereto, upon information and belief, Defendant, Robert Claibourn, III, served as an employee and/or agent of and for Defendant, ACI Motor Freight.

63.     Defendant, ACI Motor Freight, owed Plaintiffs a duty to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees.

64.     Defendant, ACI Motor Freight, breached its aforementioned duty to Plaintiffs by failing to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees.

65.     As a direct and proximate result of the above-mentioned breach of duty owed by Defendant, ACI Motor Freight, to Plaintiffs to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees, Plaintiffs suffered and continue to suffer injuries and/or damages, as indicated above.

**FIFTH CLAIM FOR RELIEF**
*Vicarious Liability of Defendant, ACI Motor Freight,*
*Pursuant to the Doctrine of Respondeat Superior*

66.     Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 65 of this Civil Complaint and Jury Demand, as if set forth *verbatim.*

67.     Upon information and belief, at or about the date and time aforementioned, Defendant, Robert Claibourn, III, was an agent and/or employee of Defendant, ACI Motor Freight.

68.     Upon information and belief, Defendant, Claibourn, was acting within the course and scope of employment and/or agency, and with the authority of Defendant, ACI Motor Freight.

69.     At or about the date and time aforementioned, the acts and/or omissions of Defendant, Claibourn, including but not limited to, the acts and/or omissions detailed in this Complaint, including claims of negligence and negligence *per se*, are by law deemed the acts and/or omissions of Defendant, ACI Motor Freight.

**SIXTH CLAIM FOR RELIEF**
*Negligence of Defendant, Joshua Rowley*

70.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 69 of this Complaint, as if set forth *verbatim*.

71.     Defendant, Joshua Rowley, owed Plaintiffs a duty to use reasonable care in the operation of the above referenced Kroger Co. Van.

72.     Defendant, Joshua Rowley, breached the above referenced duty, without limitation, in the following ways:

    a.  Failing to keep a proper lookout;

b. Failing to see what was plainly visible;

c. Following too closely;

d. Operating a vehicle in a careless manner;

e. Operating a vehicle in a reckless manner.

73.     The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiffs.

74.     As a result of Defendant, Joshua Rowley's, breaches of the aforementioned duties, Plaintiffs have sustained and continue to sustain economic and non-economic damages and physical impairment and disfigurement, as indicated above.

## SEVENTH CLAIM FOR RELIEF
### *Negligent Entrustment of Defendant, Kroger Co.*

75.     Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 74 of this Civil Complaint and Jury Demand, as if set forth *verbatim.*

76.     At or about the aforementioned time and place, Defendant, Kroger Co., entrusted Defendant, Rowley, with use and control over the above referenced Kroger Co. Van.

77.     Upon information and belief, prior to entrusting use and control over the Kroger Co. Van to Defendant, Rowley, Defendant, Kroger Co., exercised control over the Kroger Co. Van.

78.     Defendant, Kroger Co., owed Plaintiffs a duty to exercise reasonable care in entrusting the use and control of the Kroger Co. Van to other persons.

13

79.    Defendant, Kroger Co., permitted Defendant, Rowley, to use its Kroger Co. Van when it knew, or should have known, that Defendant, Rowley, intended to, or was likely to, use the Kroger Co. Van in such a manner as to create an unreasonable risk of harm to others.

80.    Defendant, Kroger Co., breached its above-mentioned duty of care in allowing/permitting Defendant, Rowley, to use and exercise control over the Kroger Co. Van.

81.    Defendant, Kroger Co.'s, breach of the aforementioned duty was a direct and proximate cause of Plaintiffs suffering, injuries, and damages.

82.    As a direct and proximate result of Defendant, Kroger Co.'s, negligent entrustment of the aforementioned Kroger Co. Van to Defendant, Rowley, Plaintiffs have sustained and continue to sustain economic and non-economic damages and physical impairment and disfigurement, as indicated above.

### EIGHTH CLAIM FOR RELIEF
***Negligent Hiring, Training, Supervision, and Retention
of Defendant, Rowley, by Defendant, Kroger Co.***

83.    Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 82 of this Civil Complaint and Jury Demand, as if set forth *verbatim.*

84.    At all times material hereto, upon information and belief, Defendant, Joshua Rowley, served as an employee and/or agent of and for Defendant, Kroger Co.

85.    Defendant, Kroger Co., owed Plaintiffs a duty to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees.

86.     Defendant, Kroger Co., breached its aforementioned duty to Plaintiffs by failing to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees.

87.     As a direct and proximate result of the above-mentioned breach of duty owed by Defendant, Kroger Co., to Plaintiffs to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees, Plaintiffs suffered and continue to suffer injuries and/or damages, as indicated above.

**NINTH CLAIM FOR RELIEF**
*Vicarious Liability of Defendant, Kroger Co.,*
*Pursuant to the Doctrine of Respondeat Superior*

88.     Plaintiffs incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 87 of this Civil Complaint and Jury Demand, as if set forth *verbatim.*

89.     Upon information and belief, at or about the date and time aforementioned, Defendant, Joshua Rowley, was an agent and/or employee of Defendant, Kroger Co.

90.     Upon information and belief, Defendant, Rowley, was acting within the course and scope of employment and/or agency, and with the authority of Defendant, Kroger Co.

91.     At or about the date and time aforementioned, the acts and/or omissions of Defendant, Rowley, including but not limited to, the acts and/or omissions detailed in this Complaint, including claims of negligence and negligence *per se*, are by law deemed the acts and/or omissions of Defendant, Kroger Co.

### TENTH CLAIM FOR RELIEF
*Negligence of Defendant, Stevan Stiefvater*

92.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 91 of this Complaint, as if set forth *verbatim*.

93.     Defendant, Stevan Stiefvater, owed Plaintiffs a duty to use reasonable care in the operation of the above referenced Lexis.

94.     Defendant, Stevan Stiefvater, breached the above referenced duty, without limitation, in the following ways:

   a.  Failing to keep a proper lookout;

   b.  Failing to see what was plainly visible;

   c.  Following too closely;

   d.  Operating a vehicle in a careless manner;

   e.  Operating a vehicle in a reckless manner.

95.     The above listed breaches of duty are a direct and proximate cause of the injuries sustained by Plaintiffs.

96.     As a result of Defendant, Stevan Stiefvater's breaches of the aforementioned duties, Plaintiffs have sustained and continue to sustain economic and non-economic damages and physical impairment and disfigurement, as indicated above.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by a jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Autumn M. Brin and Devon Hoffman, pray for judgment against Defendants, ACI Motor Freight, Inc., Robert L. Claiborn, III, Gibson & Associates, Inc., Kroger Co, Stevan David Stiefvater, and

Joshua Wayne Rowley, in an amount to be determined by the trier of fact for their losses, as set forth above, special damages, and for costs, expert witness fees, attorneys' fees, filing fees, pre-judgment and post-judgment interest, and such other further relief as the Court may deem appropriate, just and proper.

RESPECTFULLY SUBMITTED, this the 31st day of July, 2013.

BACHUS & SCHANKER, L.L.C.

*s/ Maaren L. Johnson*
Maaren L. Johnson, Esq.
Colo. Atty. Reg. No. 40944
BACHUS & SCHANKER, L.L.C.
1899 Wynkoop Street, Suite 700
Denver, Colorado  80202
Telephone: (303) 893-9800
Facsimile: (303) 893-9900
Email: mjohnson@coloradolaw.net
*Attorneys for Plaintiffs*