IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-02035-RBJ

AUTUMN M. BRIN, Individually, and on behalf
of her son, DEVON HOFFMAN, a minor,

    Plaintiffs,

v.

ACI MOTOR FREIGHT, INC.,
ROBERT L. CLAIBOURN, III,
GIBSON & ASSOCIATES, INC.,
KROGER CO.,
JOSHUA ROWLEY, and
STEVAN STIEFVATER

    Defendants.

## ORDER

    This is a personal injury action arising out of a motor vehicle accident in Kansas. Plaintiff claims that on August 11, 2011 Gibson & Associates was doing road construction on I-135 when one of its employees suddenly displayed a stop sign to southbound traffic. An ACI Motor Freight truck driven by Robert L. Claibourn, III braked and was hit by a Kroger Co. truck driven by Joshua Rowley. The car in which plaintiffs were riding, driven by Steven Stiefvater, then struck the Kroger truck. Plaintiffs filed this lawsuit on July 31, 2013, alleging that the negligence of each named defendant caused them to sustain injuries and related losses.

    The Court ordered the parties to set a scheduling conference, but that has not yet occurred. Meanwhile, ACI and Claibourn answered the complaint; Kroger moved to dismiss on subject matter jurisdiction grounds (lack of complete diversity of citizenship, because the Colorado plaintiffs had joined Stiefvater, a Colorado resident, as a defendant); and Gibson moved to dismiss for lack of subject matter and personal jurisdiction.

The Court issued an order asking plaintiffs whether they wished to pursue the case here if Stiefvater were dismissed, and directing plaintiffs to show cause why their claim against Gibson shouldn't be dismissed for lack of personal jurisdiction. ECF No. 9. Thereafter,

- Rowley filed a motion to dismiss on subject matter and personal jurisdiction grounds.

- Kroger and Rowley filed a response to the order to show cause in which they suggested that proceeding with a suit in Kansas, in which they believe all parties could be joined, would be preferable to proceeding piecemeal; they did not comment on whether plaintiff would face a statute of limitations problem if they attempted now to file their case in Kansas state court.

- Plaintiffs responded to Gibson's motion to dismiss and the show cause order, indicating that they had no objection to the dismissal of Stiefvater without prejudice, and that they believed that Gibson has sufficient contacts with Colorado to sustain personal jurisdiction here. They did not comment on personal jurisdiction with respect to Rowley.

- ACI and Claibourn responded to the show cause order and agreed that proceeding in Kansas is preferable. They added that dismissing Stiefvater does not solve the diversity problem, because he is an indispensable party, and they questioned whether plaintiffs can satisfy the amount in controversy requirement of 28 U.S.C. § 1332. ACI and Claibourn have not, however, disputed personal jurisdiction.

I agree that if this lawsuit had been timely filed in state court in Kansas, plaintiffs could have pursued their claims against all defendants without jurisdictional problems. Plaintiffs claim that Colorado is a better forum because their health care providers are in Colorado, implicitly discounting the flip-side that some defendants and witnesses live in Kansas. It seems to me that testimony of the Colorado providers could relatively easily have been obtained in video

2

depositions. But, at this point that is water over the dam, and the Court has to deal with what it has.

I do not wish to resolve the personal jurisdiction issues raised by Gibson and Rowley on the papers. The complaint asserts no facts that would support personal jurisdiction over those defendants, and while plaintiffs have responded to the Gibson motion, I am satisfied that personal jurisdiction should be decided after these parties have had an opportunity to present evidence and argument at a hearing. A hearing would also permit an opportunity for the Court to consider argument and evidence, as appropriate, on the indispensable party and amount in controversy issues.

Accordingly, the Court directs the parties to set a combined evidentiary hearing and scheduling conference within the next 30 days. Following the presentation of evidence and argument, the Court will rule on the pending motions and, if there are issues and parties left that are sufficient to proceed with the suit in this Court, set a case schedule.

DATED this 21st day of February, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge