**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-02035-RBJ-MJW

AUTUMN M. BRIN, Individually, and on behalf
of her son, DEVON HOFFMAN, a minor,

Plaintiffs,

v.

ACI MOTOR FREIGHT, INC., ROBERT L. CLAIBOURN, III, GIBSON & ASSOCIATES, INC., KROGER CO., JOSHUA ROWLEY, and STEVAN STIEFVATER

Defendants.

---

**PLAINTIFFS' MOTION TO TRANSFER VENUE**

---

COME NOW, the Plaintiffs, Autumn Brin, individually, and on behalf of her son, Devon Hoffman, a minor, by and through undersigned attorneys, and hereby submit the following Motion to Transfer Venue, and state as follows:

1. Plaintiffs filed the instant action on July 31, 2013 against defendants ACI Motor Freight, Inc., Robert L. Claibourn, III, Gibson & Associates, Inc., Kroger Co., Joshua Rowley, and Stevan Stiefvater. Plaintiffs' claims against Defendants arise out of a motor vehicle collision occurring on August 11, 2011 in Kansas.

2. On August 22, 2013, Defendant Kroger filed a Motion to Dismiss alleging lack of subject matter jurisdiction, as there was not complete diversity among Plaintiffs and Defendants (as Plaintiffs and Defendant Stiefvater resided in Colorado).

3. On August 30, 2013, Defendant Gibson & Associates filed a Motion to Dismiss alleging lack of subject matter jurisdiction (due to lack of complete diversity) and alleging that the U.S. District Court for the District of Colorado does not have personal jurisdiction over Defendant Gibson & Associates.

4. On October 19, 2013, Defendant Rowley filed a Motion to Dismiss also alleging lack of subject matter jurisdiction over the matter, as complete diversity does not exist.

5. A hearing was set and held related to these matters on March 27, 2014. During the hearing Plaintiff's undersigned counsel advised the Court that Plaintiff Brin was in the process of permanently relocating or had relocated to Florida, upon the understanding of undersigned counsel (the status of minor Defendant Hoffman's residency was unknown during the hearing).

6. Both Plaintiff Brin and her minor son, Plaintiff Hoffman, are in the process of permanently relocating to Florida in order to reside with Plaintiff Brin's mother, Karen Brin, at address 14542 Mandoline Drive, Orlando, Florida 32837, due to financial issues. See *Exhibit 1*, Affidavit of Plaintiff Autumn Brin.

7. Plaintiff Brin is obtaining financing in order to permanently relocate to Florida and is attempting to immediately relocate due to financial hardships and service of an eviction notice. *Exhibit 1*.

8. Plaintiff Brin will provide the Court with proof of permanently residency immediately upon relocation to Florida by both Plaintiffs.

9.     As requested by undersigned counsel, Plaintiffs request that the Court grant a Motion to Transfer Venue to the United States District Court for District of Kansas in order to remedy jurisdiction issues.

10.    With Plaintiffs permanent relocation to Florida, complete diversity will exist among Plaintiffs and Defendants.  Further, the United States District Court for the District of Kansas will have personal jurisdiction over all Defendants as the subject incident occurred in Kansas.

11.    28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, **or if it be in the interest of justice, transfer** such case to any district or division in which it could have been brought. 28 U.S.C. § 1406(a) (emphasis added).

12.    The applicable statute of limitation in Kansas for this matter is two years. Plaintiffs filed the instant lawsuit on July 31, 2013 (prior to the August 11, 2013 statute of limitations).  Transfer of venue preserves the time of filing from when the suit was filed in the original forum, thereby tolling the applicable statute of limitations.  *See Corke v. Sameiet*, 572. F.2d 77, 80 (2d Cir. 1978). It would be in the interests of justice to transfer this matter to the United States District Court for the District of Kansas, as Plaintiffs timely filed with subject lawsuit (within the applicable statute of limitations), and transferring venue would toll and preserve the timely filing.  The filing of a complaint indicates the plaintiffs' desire to toll the applicable statute of limitations.  *Goldlawr v. Heisman*, 369 U.S. 463, 467 (1962).

13. Although 28 U.S.C. § 1406(a), specifically addresses defects in venue, it has been broadly interpreted to cover defects in jurisdiction. The United State Supreme Court in the matter *Goldlawr v. Heisman* determined that § 1406(a) transfers do not require that the transferring court obtain personal jurisdiction over defendants as "the language of 1406(a) is amply broad enough to authorize the transfer of cases…whether the court in which it was filed had personal jurisdiction over defendants or not." *Goldlawr*, 369 U.S. at 466.

14. This broad interpretation of § 1406(a) has subsequently applied by the Circuit and District Courts. The fifth circuit was the first to even more broadly construe § 1406(a), in determining that there need not be any improper venue requirement in order to transfer pursuant to § 1406(a); rather only "obstacles" need exist (including lack of personal jurisdiction). *See Dublin v. United States*, 380 F.2d 813, 815 (5th Cir. 1987).

15. Transfer of venue to the United States District Court for the District of Kansas is further appropriate pursuant to 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, **if it is in the interest of justice, transfer such action** or appeal **to any other such court in which the action or appeal could have been brought at the time it was filed or noticed**, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added).

16. The legislative history of the enactment of § 1631 provides, in part:

4

> "a civil case may on occasion be mistakenly filed in a court…that does not have jurisdiction. By the time the error is discovered, the statute of limitations or filing period may be expired…[section 1631] would authorize the court in which the case is improperly filed to transfer it to a court where subject matter jurisdiction is proper…This provision is broadly drafted to allow transfer between any two Federal courts."

S. REP. No. 275, 97th Cong., 2d Sess.

17. The Tenth Circuit Court of Appeals has determined that section 1631 is applicable to transfer of actions where a court lacks personal jurisdiction. *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524 (10th Cir. 1987). In *Ross*, the Tenth Circuit determined that transfer pursuant to section 1631 was required when the transferor court lacks personal jurisdiction, but venue is proper and determined that section 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction." *Id.* at 1526-27.

18. For the foregoing reasons, based upon both Plaintiffs relocation to Florida and statutory transfer provisions, Plaintiffs respectfully request that this matter is transferred to the United States District Court for the District of Kansas.

WHEREFORE, Plaintiffs respectfully request that this matter is transferred to the United States District Court for the District of Kansas.

RESPECTFULLY SUBMITTED, this the 4th day of April, 2014

        BACHUS & SCHANKER, L.L.C.

        *s/ Maaren L. Johnson*
        Maaren L. Johnson, Esq.
        Colo. Atty. Reg. No. 40944
        BACHUS & SCHANKER, L.L.C.
        1899 Wynkoop Street, Suite 700
        Denver, Colorado 80202
        Telephone: (303) 893-9800
        Facsimile: (303) 893-9900
        Email: mjohnson@coloradolaw.net
        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 4th day of April, 2014, I electronically filed the foregoing with the Court using the CM/ECF system which will send notice of such filing to all attorneys of record

               *s/ Maaren L. Johnson*
               Maaren L. Johnson